IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GONZALO CAMPOS-BAILON, | : | MOTION TO VACATE |
| Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:12-CR-0071-TCB-GGB |
| | : | |
| UNITED STATES, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:13-CV-1770-TCB-GGB |

**FINAL REPORT AND RECOMMENDATION**

Movant, Gonzalo Campos-Bailon, has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [Doc. 15]. Under Rule 4 of the Rules Governing § 2255 Proceedings for the U.S. District Courts, the Court must "promptly examine" the motion and determine whether "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." If it does so appear, the Court "must dismiss the motion." Rule 4, § 2255 Proceedings. I have examined Movant's § 2255 motion and the record in this case and find it plainly apparent that Movant is not entitled to relief for the reasons explained below.

## I. Background

On March 6, 2012, Movant was indicted by a federal grand jury sitting in this Court on one count of unlawful reentry of a deported alien in violation of 8 U.S.C. § 1326(a) and (b)(2). [Doc. 1]. On April 11, 2012, Movant entered a guilty plea to the indictment. [Doc. 11]. On July 10, 2012, Movant was sentenced to 40 months of imprisonment. [Doc. 14]. Movant did not appeal his sentence. On May 22, 2013, Movant filed a § 2255 motion, arguing that he should have received a lesser sentence under the "fast track" program and that his counsel was ineffective for not seeking a "fast track" reduction. [Doc. 15].

## II. Discussion

On January 31, 2012, the Department of Justice issued a memorandum instructing all United States Attorneys to implement fast-track programs in their districts no later than March 1, 2012, in cases where a defendant pleads guilty, pursuant to a plea agreement, to felony reentry.[1] *See* Memorandum from James M. Cole for U.S. Attorneys (Jan. 31, 2012) ("Fast–Track Memo"), available at

---

[1] Early disposition or "fast track" programs were developed in the 1990s in districts along the southwestern border of the United States to deal with the large number of illegal reentry and other immigration cases pending in those districts. *See United States v. Campos*, 474 F.3d 1278, 1279 n. 1 (11th Cir. 2006).

AO 72A
(Rev.8/82)

www.justice.gov/dag/fast-track-program.pdf.[2]  These programs are intended to conserve scarce government resources by giving an incentive to defendants to promptly plead guilty and to waive certain pretrial motions, direct appeal, and collateral attack rights in exchange for recognition that such cooperation reflects an acceptance of responsibility exceeding that already recognized under the United States Sentencing Guidelines.  *Id.*

Movant's argument that his attorney was ineffective for failing to argue that he should receive a "fast track" sentence is without merit for several reasons.  First, it is the Government, not defense counsel, who must initiate the fast-track plea agreement process.  *See United States v. Gomez–Herrera*, 523 F.3d 554, 561 (5th Cir. 2008) (citing *United States v. Zapata–Parra*, No. 06–2349, 2008 WL 193210, at *1 (10th Cir. Jan. 23, 2008)); *see also United States v. Martinez–Trujillo*, 468 F.3d 1266,

---

[2] Movant cites to a May 29, 2009, memorandum from David W. Ogden, Deputy Attorney General, regarding fast track authorization.  *See* Memorandum from David W. Ogden for United States Attorneys (May 29, 2009), available at http://www.fd.org/docs/select-topics---sentencing/doj-memorandum-for-all-united-states-attorneys-from-david-w-ogden-deputy-attorney-general-subject-authorization-for-early-disposition-programs.pdf?sfvrsn=4; [Doc. 15 at 17].  However, Movant's reliance on this memorandum appears to be misplaced because it authorized, but did not require implementation of, certain early disposition programs through December 31, 2009.  Further, the early disposition authorization for the class of cases described in the memo for this district – illegal identification documents at port of entry – does not apply to Movant's case.

3

1269 (10th Cir. 2006) ("The decision that a defendant be 'fast-tracked' is not made by the defendant but by the United States Attorney."); *United States v. Miranda–Garcia*, No. 6:05–CR–202–ORL–31DAB, 2006 WL 1208013 (M.D. Fla. May 4, 2006) ("[O]nly the government can file a motion for downward departure pursuant to an early disposition program."). Thus, where a defense attorney fails to ask for a fast-track sentence reduction his failure will not constitute ineffective assistance of counsel, and will not be deemed to prejudice the defendant. *See, e.g., Martinez–Valdez v. United States*, No. EP–11–CV–68–PRM, 2011 WL 3666606 (W.D. Tex. July 19, 2011); *United States v. Lumbreras–Amaro*, 627 F. Supp. 2d 752, 761 (S.D. Tex. 2008) (citing *Parr v. Quarterman*, 472 F.3d 245, 256 (5th Cir. 2006)). Movant does not contend and the record contains no evidence that the Government gave Movant the option of entering into a written plea agreement under any applicable fast-track program.[3] As such, Movant's counsel was not ineffective for failing to request or obtain a fast-track sentencing reduction.

---

[3]The Presentence Investigation Report shows that Movant had been convicted of a drug trafficking offense in 2002 and had two prior deportations, all of which were factors that the United States Attorney could consider to deny Movant eligibility. *See* Fast-Track Memo at 3; [Presentence Investigation Report at 3-5].

4

Further, Movant does not contend that he meets the criteria for the "fast track" program. Movant did not enter into a written plea agreement with the Government and does not state whether he would have been willing to do so. Thus, Movant has not shown that his counsel's failure to argue for the "fast track" program fell below an objective standard of reasonableness or resulted in prejudice to him. *See Strickland v. Washington*, 466 U.S. 668 (1984).

### III. Certificate of Appealability

According to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Movant has failed to make a substantial showing of the denial of a constitutional right. Movant's claim is without merit. Accordingly, **I RECOMMEND** that a certificate of appealability be **DENIED**.

### IV. Conclusion

Based on the foregoing, **I RECOMMEND** that Movant Gonzalo Campos-Bailon's § 2255 motion [Doc. 15] be **DENIED**.

**I FURTHER RECOMMEND** that a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to me.

**IT IS SO RECOMMENDED**, this 12th day of September, 2013.

_Gerrilyn G. Brill_
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A (Rev.8/82)